IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRUST PROPERTIES TRUSTEE,

          Plaintiff,

v.                                                                      1:14-cv-2075-WSD

LILLIAN HARVEY and DEWONN HARVEY,

          Defendants.

## OPINION AND ORDER

This matter is before the Court on the Defendants Lillian and Dewonn Harvey's ("Defendants") request for a temporary restraining order ("TRO"), contained in their Notice of Removal [1.1].

### I.    BACKGROUND

On June 11, 2014, Plaintiff Trust Properties Trustee ("Plaintiff") initiated a dispossessory proceeding ("Complaint") against Defendants in the Magistrate Court of DeKalb County, Georgia.[1]  (Notice of Removal at 5).  The Complaint seeks possession of premises currently occupied by Defendants, plus past due rent, late fees and costs, totaling approximately $3,600.

On July 1, 2014, Defendants, proceeding *pro se*, removed the DeKalb County action to this Court by filing their Notice of Removal and Application to

---

[1]    No. 14D14501.

Proceed *In Forma Pauperis* ("IFP Application").  They claim in their Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment."  (Notice of Removal at 3).  Defendants seek a TRO to enjoin the DeKalb County dispossessory action and eviction proceedings.

On July 1, 2014, Magistrate Judge J. Clay Fuller granted Defendants' IFP Application and directed the Clerk of Court to submit this action to the Court for review of Defendants' request for a TRO that is contained in their Notice of Removal.  (July 1, 2014, Order [2]).

## II.    DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory warrant which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Defendants assert defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal-question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2).  It appears that the parties are both Georgia citizens, and even if diversity did exist, Defendants fail to show that the amount-in-controversy exceeds $75,000.00.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of property Defendants currently possess, plus approximately $3,600 in past due rent, costs and fees.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The Court thus lacks subject-matter jurisdiction and this action is required to be remanded to state court.  See 28 U.S.C.

§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). [2,3]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 2nd day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendants, on their Civil Cover Sheet but not in their Notice of Removal, indicate that federal jurisdiction in this action is based on the parties' status as U.S. Government entities [1.2]. Defendants have not alleged in their Notice of Removal that they, or Plaintiff, are officers or agencies of the federal government and it appears instead that Plaintiff is a private company and Defendants are a private citizens.

[3] Even if the Court had subject-matter jurisdiction, the Court is unable to grant Defendants the relief they seek—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.